## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **MIDDLE EAST FORUM**<br>**1500 Walnut Street, Suite 1050**<br>**Philadelphia, PA 19102**<br><br>**Plaintiff,**<br><br>v.<br><br>**UNITED STATES DEPARTMENT**<br>**OF THE TREASURY**<br>**1500 Pennsylvania Avenue, NW**<br>**Washington, D.C. 20220**<br><br>and<br><br>**INTERNAL REVENUE SERVICE**<br>**1111 Constitution Ave NW**<br>**Room 4219**<br>**Washington DC 20224**<br><br>**Defendants.** | **Civil Action No. 17-2010** |

### COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

Plaintiff MIDDLE EAST FORUM ("MEF") for its complaint against Defendant UNITED

STATES DEPARTMENT OF THE TREASURY ("the Department" or "Treasury"), and its

constituent bureau the INTERNAL REVENUE SERVICE ("IRS"), alleges as follows:

1.  This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, to

    compel production of records in response to a FOIA request received by IRS on July 25,

    2017, which request was improperly and unreasonably interpreted as seeking

    confidential tax documents, and unlawfully closed without providing any documents to

    the plaintiffs.

2.    In a request received by IRS on July 259, 2017, plaintiffs sought under FOIA "any and
      all communications, (including, but not limited to, emails, memos, meeting notes,
      letters, phone records, or similar materials) created between August 1, 2013 and the
      present, between (1) Internal Revenue Service (IRS) - Office of Criminal Investigation,
      and (2) any of the following: the Department of Justice (DOJ), Federal Bureau of
      Investigation (FBI) and/or Office of Personnel Management (OPM), (3) that mention,
      are concerning, or relate to, Islamic Relief USA."

3.    Plaintiffs expressly noted in their FOIA request that they were not seeking tax returns,
      but rather "communications" exchanged between one IRS Office and three other U.S.
      Government agencies over a specified time period.

4.    In the request, plaintiffs requested a fee waiver as provided by FOIA, due to the public
      interest in the information the records address, and the media and educational status of
      the requesters.

5.    IRS mis-interpreted the plaintiffs' request on July 27, 2017 as a request seeking
      confidential tax records. As such, IRS constructively denied the request until such time as
      plaintiffs provided authorization from Islamic Relief USA for disclosure of that
      organization's tax records.

6.    On August 24, 2017, plaintiffs administratively appealed their constructive denial of
      access to records, pointing out again that they did not seek any tax records and were
      "baffled" by the agency's response and its interpretation of the plaintiffs' request under
      FOIA.

7.   IRS denied plaintiffs' administrative appeal on September 15, 2017, again based upon the false premise that plaintiffs had requested confidential tax records. .

8.   Accordingly, plaintiffs file this lawsuit to compel IRS to comply with the law, to search for, and to produce the properly described public records in the FOIA request, without seeking fees.

## PARTIES

9.   Plaintiff Middle East Forum ("MEF") has been an independent tax-exempt 501(c) (3) nonprofit organization based in Philadelphia since 1994. MEF promotes American interests in the Middle East and protects Western values from Middle Eastern threats. The Forum sees the region — with its profusion of dictatorships, radical ideologies, existential conflicts, border disagreements, corruption, political violence, and weapons of mass destruction — as a major source of problems for the United States. Accordingly, MEF urges bold measures to protect Americans and their allies. In the Middle East, MEF focuses on ways to defeat radical Islam; work for Palestinian acceptance of Israel; develop strategies to contain Iran; and deal with the great advances of anarchy. At home, MEF emphasizes the danger of lawful Islamism; protects the freedoms of anti-Islamist authors, activists, and publishers; and works to improve Middle East studies.

10.   Defendant Department of the Treasury is a federal agency headquartered in Washington, D.C.

11.   Defendant IRS is a constituent bureau of the Department of the Treasury, and is also located in Washington, DC.

## JURISDICTION AND VENUE

12. This Court has jurisdiction pursuant to 5 U.S.C. § 552(a)(4)(B), because this is brought

    in the District of Columbia, and because the defendants are headquartered in the

    District. Furthermore, jurisdiction is proper under 28 U.S.C. § 1331, because the

    resolution of disputes under FOIA presents a federal question.

13. Venue in this court is proper under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e)

    because FOIA grants the District Court of the District of Columbia jurisdiction, and

    because the Department of the Treasury and IRS are federal agencies (or rather, an

    agency and a constituent part of an agency).

## FACTUAL BACKGROUND

14. In the FOIA request at issue in this suit, plaintiff sought certain public records held by

    the certain described and identified IRS and other agency offices, component parts, and/

    or employees. The requested records contained information the disclosure of which

    plaintiffs asserted would benefit the public.

15. The request included a detailed explanation of why MEF was entitled to a fee waiver

    under FOIA.

16. Specifically, MEF discussed at length in its request its entitlement to a fee waiver under

    5 U.S.C. § 522(a)(4)(A)(iii) (because the request was in the public interest).

17. MEF also discussed its entitlement to a fee waiver under 5 U.S.C. § 522(a)(4)(A)(ii)(II)

    as a media outlet.

18. At no time did IRS ever deny MEF a fee waiver, or indicate that it was properly

    processing either the fee waiver request or the underlying FOIA request.

19. Instead, IRS apparently interpreted the plaintiffs' request as a request for tax returns, the disclosure of which would be confidential.

20. This interpretation is patently unreasonable, insofar as both the initial request and the administrative appeal noted that plaintiffs sought only correspondence records exchanged between various government offices, not tax returns or other confidential tax records.

21. Insofar as the request was closed and the administrative appeal denied, IRS never ruled on the plaintiff's entitlement to a fee waiver.

22. On information and belief, IRS never searched for records in the locations MEF stated such records were likely to be found.

## ARGUMENTS

23. Under the Freedom of Information Act, after an individual submits a request, an agency must determine within 20 working days after the receipt of any such request whether to comply with such request. 5 U.S.C.S. § 552(a)(6)(A)(i). Under *Citizens for Responsible Ethics in Washington v. Federal Election Commission*, 711 F.3d 180, 186 (D.C. Cir. 2013), that response must provide particularized assurance of the scope of potentially responsive records, including the scope of the records it plans to produce and the scope of documents that it plans to withhold under any FOIA exemptions. This 20-working-day time limit also applies to any appeal. § 552(a) (6)(A)(ii).

24. U.S. Code 5 U.S.C.S. § 552(a)(6)(A) proclaims that the 20-day time limit shall not be tolled by the agency except in two narrow scenarios: The agency may make one request to the requester for information and toll the 20-day period while it is awaiting such information that it has reasonably requested from the requester, § 552(a)(6)(A)(ii)(I),

and agencies may also toll the statutory time limit if necessary to clarify with the requester issues regarding fee assessment. § 552(a)(6)(A)(ii)(II).  In either case, the agency's receipt of the requester's response to the agency's request for information or clarification ends the tolling period.  IRS did not seek additional information from plaintiff regarding the request at issue in this suit, except for its request for plaintiffs' to provide authorization from Islamic Relief USA relating to disclosure of tax returns, which request was unreasonable and unlawful under the circumstances.

25. FOIA provides that an agency is required to forward a FOIA request to the appropriate office and to search for records in a location where such records are likely to be found. Section 6(a)(1) of the OPEN Government Act of 2007, Pub. L. No. 110-175, 121 Stat. 2524 requires an agency to forward any misdirected FOIA requests received by them to the proper FOIA office within the agency, within ten working days. The search for responsive records must be reasonable. *Itrurralde v. Comptroller of the Currency*, 315 F. 3d 311, 315 (D.C. Cir. 2003); *Steinberg v. DOJ*, 23 F.3d 48, 551 (D.C. Cir. 1994).

26. In *Bensman v. National Park Service*, 806 F. Supp. 2d 31 (D.D.C. 2011) this Court noted: "[The effect of] the 2007 Amendments was to impose consequences on agencies that do not act in good faith or otherwise fail to comport with FOIA's requirements. See S. Rep. No. 110-59.  To underscore Congress's belief in the importance of the statutory time limit, the 2007 Amendments declare that '[a]n agency shall not assess search fees… if the agency fails to comply with a*ny time limit'* of FOIA" (*emphasis added*).

27. Defendant IRS owes plaintiff records responsive to the request at issue in this suit, which requests reasonably described the information sought and were otherwise filed in

compliance with applicable law, subject to legitimate withholdings, and has failed to

provide responsive records or any substantive response in violation of statutory

deadlines.

28.   It was unreasonable for IRS to mis-interpret the FOIA request at issue in this case and

then close the request, insofar as MEF specifically identified the offices and other

relevant locations where records ought to have been located, and IRS failed to either

search those locations or provide any explanation for its failure to search those locations.

Further, IRS repeatedly characterized plaintiffs' request as one seeking tax returns, or

other confidential tax information, rather than correspondence.

29.   IRS therefore cannot disclaim its obligation to undertake a proper search for responsive

records and to produce such records subject to appropriate and legitimate exemptions,

otherwise the underlying purpose Congress sought to further through FOIA would be

frustrated by the mere fact that an agency has multiple offices designated to receive and

process FOIA requests.

30.   Further, IRS may not ignore fee waiver requests, nor may it fail to provide a legitimate

basis for denying them or for classifying a request as commercial in nature. A failure to

properly provide a timely response to a FOIA request or a request for a fee waiver

operates as a waiver of the agency's entitlement to fees.

### FIRST CLAIM FOR RELIEF
**Seeking Declaratory Judgment**

31.   Plaintiff re-alleges paragraphs 1-30 as if fully set out herein.

32.  Plaintiff has sought and been denied production of responsive records reflecting the conduct of official business, because defendant has failed to substantively respond pursuant to *Citizens for Responsibility & Ethics in Washington v. FEC*, 711 F.3d 180 (D.C. Cir. 2013) or search properly for responsive records or to produce responsive records.

33.  Plaintiff asks this Court to enter a judgment declaring that:

    a.    IRS's correspondence as specifically described in plaintiff's FOIA request detailed, *supra*, is subject to release under FOIA;

    b.    IRS must search for and release those requested records or segregable portions thereof subject to legitimate exemptions;

    c.    IRS may not assess or seek costs and fees for the requests at issue in this case, as plaintiffs are entitled to a waiver of its fees.

**SECOND CLAIM FOR RELIEF**
**Seeking Injunctive Relief**

34.  Plaintiff re-alleges paragraphs 1-33 as if fully set out herein.

35.  Plaintiff is entitled to injunctive relief compelling defendant to search for and produce all records in its possession responsive to plaintiffs' FOIA request detailed, *supra*, without fees, subject to legitimate withholdings.

36.  Plaintiffs ask the Court to order the defendant to produce to plaintiff, within 10 business days of the date of the order, the requested records described in plaintiff's FOIA requests, subject to legitimate withholdings.

37.  Plaintiffs ask the Court to order the parties to consult regarding withheld documents and to file a status report to the Court within 30 days after plaintiff receives the last of the produced documents, addressing defendant's preparation of a *Vaughn* log and a briefing schedule for resolution of remaining issues associated with plaintiff's challenges to defendant's withholds and any other remaining issues.

### THIRD CLAIM FOR RELIEF
### Seeking Costs and Fees

38.  Plaintiff re-alleges paragraphs 1-37 as if fully set out herein.

39.  Pursuant to 5 U.S.C. § 552(a)(4)(E), the Court may assess against the United States reasonable attorney fees and other litigation costs reasonably incurred in any case under this section in which the complainant has substantially prevailed.

40.  Plaintiff is statutorily entitled to recover fees and costs incurred as a result of defendant's refusal to fulfill the FOIA request at issue in this case.

41.  Plaintiff asks the Court to order the defendant to pay reasonable attorney fees and other litigation costs reasonably incurred in this case.

WHEREFORE, Plaintiffs request the declaratory and injunctive relief herein sought, and an award for its attorney fees and costs and such other and further relief as the Court shall deem proper.

Respectfully submitted this 29th day of September, 2017,

_____/s/_____
Matthew D. Hardin, Esq.
D.C. Bar No. 1032711
314 W Grace St., Ste. 308
Richmond, VA 23220
(804) 608-6456
MatthewDHardin@gmail.com

*Counsel for Plaintiffs*