UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MIDDLE EAST FORUM,<br><br>    Plaintiff,<br><br>    v.<br><br>UNITED STATES DEPARTMENT OF<br>THE TREASURY, et al.,<br><br>    Defendants. | Civil No. 17-2010 (JDB) |

## MEMORANDUM OPINION

The Freedom of Information Act's "core purpose" is to "contribut[e] significantly to public understanding of the operations or activities of the government." U.S. Dep't of Justice v. Reporters Comm. for Freedom of Justice, 489 U.S. 749, 775 (1989) (emphasis omitted). The "core purpose" of the Internal Revenue Code's confidentiality provision, 26 U.S.C. § 6103, is to "protect[] taxpayer privacy." Tax Analysts v. IRS, 117 F.3d 607, 615 (D.C. Cir. 1997). This case highlights the tension between those two purposes.

Plaintiff Middle East Forum ("MEF"), a nonprofit organization, brought this action against the Internal Revenue Service ("IRS") pursuant to the Freedom of Information Act ("FOIA").[1] In a FOIA request, MEF sought any communications between the IRS Office of Criminal Investigation and other government agencies relating to a third party, Islamic Relief USA. MEF alleges that the IRS violated FOIA by failing to process its request. The IRS has moved to dismiss, claiming that MEF's request was for a third party's "return information," which is protected by the confidentiality provision of the Internal Revenue Code ("IRC"). See 26 U.S.C. § 6103.

---

[1] According to its complaint, "MEF promotes American interests in the Middle East and protects Western Values from Middle Eastern threats. . . . MEF emphasizes the danger of lawful Islamism; protects the freedoms of anti-Islamist authors, activists, and publishers; and works to improve Middle East studies." Compl. [ECF No. 1] ¶ 9.

1

However, as MEF made clear after the IRS's initial denial, the request sought only any information that was <u>not</u> protected return information. By failing to complete a FOIA search to determine whether any responsive, non-protected material existed, the IRS failed to meet its obligation under FOIA to produce responsive records or adequately explain its refusal to do so. Because the appropriate remedy for an agency's failure to produce records under FOIA is an injunction, the IRS's motion to dismiss will be denied with respect to MEF's claim for injunctive relief and granted with respect to MEF's claim for declaratory judgment.

## **BACKGROUND**

FOIA requires agencies to respond to any records request which "(i) reasonably describes such records and (ii) is made in accordance with published rules stating the . . . procedures to be followed." 5 U.S.C. § 552(a)(3)(A). This requirement does not include material that is "specifically exempted from disclosure by statute . . . if that statute . . . establishes particular criteria for withholding or refers to particular types of matters to be withheld." 5 U.S.C. § 552(b)(3)(A)(ii). The IRC exempts many IRS documents from disclosure with its broad definition of "return information," which includes, among other things,

> whether the taxpayer's return was, is being, or will be examined or subject to other investigation or processing, or any other data, received by, recorded by, prepared by, furnished to, or collected by the Secretary with respect to a return or with respect to the determination of the existence, or possible existence, of liability (or the amount thereof) of any person under this title for any tax, penalty . . . or offense.

26 U.S.C. § 6103(b)(2)(A). Pursuant to this section, the Department of the Treasury promulgated regulations which state that "[i]n the case of records containing information with respect to particular persons the disclosure of which is limited by statute or regulations, persons making requests shall establish their identity and right to access such records." 26 C.F.R. § 601.702(c)(5)(iii)(A). For any "person requesting records . . . pertaining to other persons, the

requester shall furnish a properly executed . . . tax information authorization." Id. § 601.702(c)(5)(iii)(C).

This case arises out of a July 20, 2017 FOIA request submitted by MEF to the IRS. Compl. [ECF No. 1] ¶ 2; see 5 U.S.C. § 552(a)(3)(A). By this request, MEF sought

> any and all communications, (including, but not limited to, emails, memos, meeting notes, letters, phone records, or similar materials) created between August 1, 2013 and the present, between (1) Internal Revenue Service (IRS) – Office of Criminal Investigation, and (2) any of the following: the Department of Justice (DOJ), Federal Bureau of Investigation (FBI) and/or the Office of Personnel Management (OPM), (3) that mention, are concerning, or relate to, Islamic Relief USA.

Compl. ¶ 2. The IRS replied on July 27, 2017, informing MEF that the request was invalid because it did not include "written authorization from Islamic Relief USA for the disclosure of the records" pursuant to 26 C.F.R. § 601.702(c)(5)(iii)(C). Compl. ¶ 5; Decl. of Han Huang [ECF No. 8-1] ¶ 4.

MEF claims that this reply was a decision by IRS to deny the request and thus was appealable. Compl. ¶ 6. The IRS replies that the allegedly imperfect initial request did not trigger its obligation to respond, so the reply was an unappealable determination of deficiency rather than a denial of access. Def.'s Mot. to Dismiss [ECF No. 8] at 3. Nevertheless, MEF "administratively appealed" on August 24, 2017, claiming that the requested records were "not tax records" and therefore no authorization was required. Def.'s Mot. to Dismiss at 3; Decl. of Han Huang ¶ 7. By a September 15, 2017 letter, the IRS again refused to search, citing FOIA's exemption for law enforcement information and claiming that all responsive information was protected return information. Decl. of Han Huang ¶ 8 (citing 5 U.S.C. § 552(b)(7)(C)).[2] The IRS informed MEF that the IRS's action was final and that the request was closed. Id.

---

[2] The IRS's motion to dismiss does not raise this "law enforcement" exemption, which covers "records or information compiled for law enforcement purposes . . . that . . . could reasonably be expected to constitute an unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(7)(C). The IRS instead relies on the "specifically exempted from disclosure by statute" exemption. See 5 U.S.C. § 552(b)(3)(A).

3

MEF claims that the IRS failed to respond to its allegedly perfected FOIA request by the statutory deadline and unreasonably misinterpreted the request. Compl. ¶¶ 28, 32. Therefore, MEF filed suit "to compel IRS to comply with the law, to search for, and to produce" the records described in the request. Compl. ¶ 8. MEF seeks (1) injunctive relief compelling the IRS to produce responsive records, id. ¶¶ 36–37; (2) a declaratory judgment that the records it requests are subject to release, that the IRS must release those records, and that the IRS may not assess costs, id. ¶ 33; and (3) an award of fees and costs from the IRS, id. ¶ 41. The IRS has moved to dismiss under Federal Rule of Civil Procedure 12(b)(6), claiming that MEF's failure to provide third-party authorization rendered its request imperfect and non-compliant with the IRS's FOIA regulations, and thus insufficient to trigger the IRS's FOIA obligations. See Def.'s Mot. to Dismiss at 4–5. The IRS's motion is now fully briefed and ripe for decision.

## **LEGAL STANDARD**

To survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), a complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim need not be more likely to succeed than to fail but must "raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. The court must "treat the complaint's factual allegations as true and must grant plaintiff 'the benefit of all inferences that can be derived from the facts alleged.'" Elec. Privacy Info. Ctr. v. IRS, 261 F. Supp. 3d 1, 5 (D.D.C. 2018) (citing Sparrow v. United Air Lines, Inc. 216 F.3d 1111, 1113 (D.C. Cir. 2000)). When ruling on a 12(b)(6) motion, a court may consider the complaint along with "any documents either attached to or incorporated in the complaint and matters of which [the Court] may take judicial notice." EEOC v. St. Francis Xavier Parochial Sch., 117 F.3d 621, 624 (D.C. Cir. 1997).

FOIA requesters must exhaust administrative remedies before filing suit, but the exhaustion requirement is "a jurisprudential doctrine" rather than a jurisdictional bar. Hidalgo v. FBI, 344 F.3d 1256, 1258 (D.C. Cir. 2003). Thus, although "FOIA cases typically and appropriately are decided on motion for summary judgment," courts "evaluate FOIA-exhaustion claims under Rule 12(b)(6)." Kalu v. IRS, Civil Action No. 14-998 (JEB), 2015 WL 4077756, at *3–4 (D.D.C. July 1, 2015); see also Campaign for Accountability v. U.S. Dep't of Justice, 278 F. Supp. 3d 303, 313 (D.D.C. 2017) ("FOIA's 'reactive' disclosure provision . . . indicates that an agency's denial of 'any [procedurally compliant] request for records' is improper, at least as a prima facie matter." (alteration in original) (quoting 5 U.S.C. § 552(a)(3))).

## ANALYSIS

The IRS claims that MEF's FOIA request was imperfect because it did not comply with FOIA or the IRS's FOIA regulations, and that MEF therefore failed to exhaust administrative remedies. The IRS also claims that the declaratory judgment MEF seeks is unavailable because the IRS has not engaged in a pattern of denials or systemic FOIA violations. The Court will examine each of these arguments in turn.

### I. INJUNCTIVE RELIEF

The standard remedy for a FOIA violation is an injunction from a district court ordering "the production of any agency records improperly withheld from the complainant." 5 U.S.C. § 552(a)(4)(B). To oppose an injunction, "the burden is on the agency to sustain its action." Id. IRS claims that injunctive relief is improper because MEF's request is imperfect and MEF failed to exhaust administrative remedies. Def.'s Mot. to Dismiss at 9. Because the IRS has not sufficiently justified its refusal to search for records responsive to MEF's request, the IRS's motion to dismiss will be denied with respect to MEF's claim for injunctive relief.

5

### A. Perfected Request

The IRS's FOIA regulations require that, "[i]n the case of records containing information . . . the disclosure of which is limited by statute"—such as the IRC's confidentiality provision—the person "making requests shall establish their identity and right to access to such records." 26 C.F.R. § 601.702(c)(5)(iii)(A). Where the requester seeks records "pertaining to other persons," the requester must establish its right to access those records by "furnish[ing] a properly executed . . . tax information authorization." 26 C.F.R. § 601.702(c)(5)(iii)(C). The IRS claims that MEF failed to provide this authorization, which rendered its request imperfect and failed to trigger the IRS's FOIA obligation. Def.'s Mot. to Dismiss at 7. However, an agency responding to a FOIA request has an "obligation under the law of this circuit 'to construe a FOIA request liberally.'" LaCedra v. Exec. Office for U.S. Attorneys, 317 F.3d 345, 348 (D.C. Cir. 2003) (quoting Nation Magazine v. U.S. Customs Serv., 71 F.3d 885, 890 (D.C. Cir. 1995)). The responding agency also must conduct a search "that is 'reasonably calculated to uncover all relevant documents.'" Pinson v. U.S. Dep't of Justice, 69 F. Supp. 3d 125, 133 (D.D.C. 2014) (quoting Hodge v. FBI, 703 F.3d 575, 579 (D.C. Cir. 2013)). Even if the IRS was justified in rejecting MEF's initial FOIA request as imperfect, MEF's response (whether it constituted an appeal or a renewed request) clarified that the request was for any information not protected by statute. See Freedom of Information Act Appeal [ECF No. 8-4] at 2 n.1, 6. A "liberal interpretation" of MEF's request indicates that MEF was seeking only non-"return information" and that no third-party authorization was therefore required.

To prove successfully that a "request on its face solely seeks . . . return information," an agency must "'make an appropriate showing that all the information . . . comes within the statutory definition' of return information." Hull v. IRS, 656 F.3d 1174, 1192, 1195 (10th Cir. 2011)

6

(emphasis added) (quoting Church of Scientology of Cal. v. IRS, 792 F.2d 146, 151 (D.C. Cir. 1986)). In Hull, the court granted the IRS's motion for summary judgment based on affidavits of "three IRS agents who had reviewed Plaintiffs' FOIA request" and had provided a "logical and specific explanation of why all of what Plaintiffs seek" was protected. Id. at 1175–77, 1191. However, in Reporters Committee for Freedom of the Press v. Federal Bureau of Investigation, 877 F.3d 399, 404 (D.C. Cir. 2017), the court found the FBI's affidavits insufficient to support its motion for summary judgment because they were "utterly silent as to which files . . . were examined in connection with the targeted searches and how any such searches were conducted."

Similarly, the IRS in the present case submitted a single affidavit to support its claim that MEF's request seeks return information. See Decl. of Han Huang. This affidavit is based only on an examination of MEF's request and the IRS's initial response. Id. ¶ 10. Without a more detailed explanation of the IRS's process in determining that all information responsive to MEF's request would be protected information, this affidavit is insufficient to support the IRS's motion. See Reporters Comm., 877 F.3d at 404; see also Am. Ctr. for Law and Justice v. U.S. Dep't of Justice, 289 F. Supp. 3d 81, 86 (D.D.C. 2018) (on motion for summary judgment in FOIA case, court can accept agency's affidavits if they "provide reasonably specific detail concerning the methods used" in agency's process). This is all the more true because the IRS seeks not to withhold information on a summary judgment motion after a search, but rather to dismiss MEF's claim without conducting a search in the first place. It is difficult to take the IRS at its word that all information responsive to MEF's request would fall within the return information exception when the IRS has not run a search to see if that is, indeed, the case.[3]

---

[3] If confirming or denying the existence of responsive records would associate the individual named in the request with criminal activity, an agency may instead issue a "Glomar response" to assert that it cannot confirm or deny the existence of responsive records. See Nation Magazine, 71 F.3d at 893. In this case, the IRS did not issue a Glomar response. Def.'s Mot. to Dismiss at 8.

7

The IRS also asserts that MEF's request was imperfect because it did not "reasonably describe" the records sought. 5 U.S.C. § 552(a)(3)(A); Def.'s Mot. to Dismiss at 10. Although the IRS's FOIA regulations require "no specific formula . . . the requirement shall generally be satisfied if the requester gives the name, . . . subject matter, location, and years at issue, of the requested records." 26 C.F.R. § 601.702(c)(5)(i). The IRS claims that MEF's request was not reasonably specific because it did not include Islamic Relief USA's taxpayer identification number or location, or the system of records to be searched. Def.'s Mot. to Dismiss at 11. However, MEF's request included the name of the group, subject matter, IRS office where responsive files would be found, date range, and the types of records sought. Compl. ¶ 2; FOIA Request [ECF No. 8-2] at 1–2, 2 n.2. IRS regulations require that FOIA requests "describe the records in reasonably sufficient detail to enable . . . employees who are familiar with the subject matter of the request to locate the records without placing an unreasonable burden upon the IRS." 26 C.F.R. § 601.702(c)(5)(i). The "linchpin inquiry is whether 'the agency is able to determine precisely what records are being requested.'" Dale v. IRS, 238 F. Supp. 2d 99, 104 (D.D.C. 2002) (citation omitted). Here, the IRS never requested additional information beyond the authorization form, and its immediate identification of "all of the information . . . requested" as "return information" indicates that the request sufficiently identified the records MEF sought. Def.'s Mot. to Dismiss at 7.

### B. Administrative Exhaustion

The IRS also claims that its response to MEF's request was not appealable because a "determination by the Disclosure Office that a request is deficient in any respect is not a denial of access." Decl. of Han Huang ¶¶ 5, 8. Without a perfected request, an agency has no duty to respond to FOIA requests, and the requester fails to exhaust the administrative process. See, e.g.,

8

Hidalgo v. FBI, 344 F.3d 1256, 1258–59 (D.C. Cir. 2003) (stating that "failure to exhaust precludes judicial review if the 'purposes of exhaustion' and the 'particular administrative scheme' support such a bar" (citing Oglesby v. U.S. Dep't of Army, 920 F.2d 57, 61 (D.C. Cir. 1990))). But "the unavailability of an administrative appeal [does] not preclude a requester from seeking judicial review of an agency's decision that a request is improper," because "when an agency makes a conscious choice not to provide a party with administrative process, the agency constructively waives the requirement of administrative exhaustion." Nat'l Sec. Counselors v. CIA, 898 F. Supp. 2d 233, 280 (D.D.C. 2012). Here, the IRS has asserted that administrative review is unavailable. Decl. of Han Huang ¶ 8. Because MEF disputes that the information it sought in the request was protected return information, it had "no choice but to refuse to provide the consent and appeal the IRS's determination." Hull, 656 F.3d at 1180. Given that MEF has filed a perfected FOIA request, and has not failed to exhaust the administrative process, the IRS must conduct the requested search. Hence, the IRS's motion to dismiss MEF's claim for injunctive relief will be denied.

## II. DECLARATORY JUDGMENT

MEF asks the Court to declare that the IRS must search for and release responsive documents and may not seek fees for the search. Compl. ¶ 33. The IRS contends that MEF is not entitled to a declaratory judgment because the complaint does not allege "a pattern or practice of delayed disclosure" or that "violations will recur with respect to the same requestors." Def.'s Mot. to Dismiss at 12 (quoting Navigators Ins. Co. v. Dep't of Justice, 155 F. Supp. 3d 157, 168 (D. Conn. 2016)). The typical remedy for FOIA violations is an injunction from a district court compelling production. See 5 U.S.C. § 552(a)(4)(B); Edmonds Inst. v. U.S. Dep't of Interior, 383 F. Supp. 2d 105, 111 (D.D.C. 2005) ("The FOIA statute offers a clear and simple remedy for agency non-compliance with the FOIA deadlines: a motion asking the court to compel the agency

to act on the FOIA request."). Courts will grant declaratory judgments in the FOIA context for "policy or practice" violations, where agencies engage in patterns or have policies of denying FOIA requests. COMPTEL v. FCC, 910 F. Supp. 2d 100, 127 (D.D.C. 2012). To support a claim for declaratory relief, "the plaintiff is only required to put forth a plausible, 'more than . . . nebulous' assertion of the existence of an ongoing pattern or practice." Nat'l Sec. Counselors, 898 F. Supp. 2d at 260 (quoting Haase v. Sessions, 835 F.2d 902, 910–11 (D.C. Cir. 1987)). MEF alleges that the IRS violated FOIA by failing to search based on MEF's initial request and by failing to correct that decision on appeal. Compl. ¶ 28. These two isolated failures do not constitute a "pattern or practice," and MEF makes no allegations of other denials in similar circumstances. Cf. Payne Enters. v. United States, 837 F.2d 486, 491, 495 (D.C. Cir. 1988) (holding that policy of refusing to release responsive documents despite warning from Secretary of Air Force was a "pattern or practice," rather than "isolated mistakes by agency officials"). Because the standard remedy for FOIA violations is injunctive relief and MEF has not plausibly alleged that the IRS denied its requests based on a policy or practice, the IRS's motion to dismiss will be granted with respect to MEF's declaratory judgment claim.

### III. COSTS AND FEES

Finally, MEF asks the Court to assess litigation fees and costs against the IRS. Compl. ¶ 41; see 5 U.S.C. § 552(a)(4)(E) (court may "assess . . . fees and other litigation costs . . . in any case under this section in which the complainant has substantially prevailed"). Both parties agree that the award of fees and costs is "premature" at this stage because it is not yet clear whether MEF will "substantially prevail." Def.'s Mot. to Dismiss at 13; Pl.'s Mem. in Opp'n [ECF No. 9] at 8.

MEF also asks the court to declare that "plaintiffs are entitled to a waiver of [IRS] fees" for the underlying FOIA request. Compl. ¶ 33(c). The IRS claims that the request for a fee waiver

is inappropriate because MEF has not exhausted administrative remedies and reminds the Court that such a waiver is "discretionary." Def.'s Mot. to Dismiss at 13 (citing Brayton v. U.S. Office of the Trade Representative, 641 F.3d 521, 526 (D.C. Cir. 2011)). As the IRS cannot rely on the exhaustion requirement to avoid a merits determination on MEF's fee waiver request, it has the opportunity to determine anew whether MEF qualifies for a fee waiver before it conducts the requested search. See 5 U.S.C. § 552(a)(4)(A)(iii). That determination can then be reviewed on summary judgment along with any decision by the IRS to withhold documents. See, e.g., Espinoza v. Dep't of Justice, 20 F. Supp. 3d 232, 240 (D.D.C. 2014).

## CONCLUSION

It may well be that all of the records responsive to MEF's request for inter-agency communications concerning Islamic Relief USA are exempt from FOIA disclosure. However, the IRS cannot aver that no responsive, non-exempt records exist without looking for them. For the reasons explained above, the IRS's motion to dismiss will be denied as to MEF's claim for injunctive relief and granted as to MEF's claim for a declaratory judgment. A separate order has been issued on this date.

/s/
JOHN D. BATES
United States District Judge

Dated: July 3, 2018